# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA GUY,**

        **Plaintiff,**

        v.                                         Case No. 04-C-506

**OFFICER MAIO and**
**OFFICER PREBISH,**

        **Defendants.**

## DECISION AND ORDER

Patricia Guy ("Guy"), the *pro se* plaintiff in the above-captioned action, filed her complaint in this Court on May 26, 2004, alleging a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Before the Court presently are various motions filed by Guy that require adjudication.

First, the Court considers Guy's requests for extensions of time. In a letter dated March 1, 2005 and filed with the Court on March 3, 2005, Guy seeks an extension of time within which to file a dispositive motion. Guy states that the Defendants' unsatisfactory responses to her interrogatories necessitate this extension. The Court also received a second filing entitled "Notice of Motion to Extend Pages of Motion for Summary Judgment" on April 5, 2005. The Court understands this filing to be another motion for an extension of time for the purposes of filing a dispositive motion. Specifically, Guy requested until April

7, 2005 to "properly file" a supplement to her summary judgment motion. That date has already come and gone, but the Court will accept any filing related to Guy's motion for summary judgment so long as it was filed on or before that date. Accordingly, Guy's motions for extensions of time are granted. These extensions, however, will prove of little use to Guy because she has failed to comply with this Court's local rules.

On March 18, 2005, the Court received a filing from Guy entitled "Dispositive Motion of Facts." (*See* Docket No. 54.) On April 5, 2005, the Court also received a "Notice of Correction of Dispositive Motion." (*See* Docket No. 60.) The Court can only hazard a guess that these documents comprise Guy's version of a motion for summary judgment. The Court, however, cannot accept this motion, or the correction thereto, because these filings do not comport with the Court's local rules. Most notably, Civil Local Rule 56.2 requires a movant to submit to the Court either "(1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2)." United States District Court for the Eastern District of Wisconsin, Local Rules, Civil L.R. 56.2. Guy has provided factual statements, but those propositions are neither the results of a stipulation between the parties nor supported by evidentiary citations. Because she has failed to comply with the Court's local rules related to summary judgment filings, Guy's dispositive motion will be stricken.

The Court now addresses Guy's filing dated March 9, 2005, and received by the Court on March 10, 2005. In this submission, Guy asks the Court to change the caption of the case and replace the currently-named defendant "Sergeant Robeson" with "Officer Prebish."[1] The Defendants have not raised any objection to this motion.

Rule 15 of the Federal Rules of Civil Procedure addresses amendments that change the names of parties to an action and when such amendments "relate back" to the date of the original pleading. Fed. R. Civ. P. 15. An amendment relates back when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2) & (3).

Guy's request ostensibly falls within the parameters of subsection (3). Guy's requested amendment does not change the substance of her complaint, so the requirements of subsection (2) are satisfied. Guy's complaint details an alleged physical altercation with two police officers. Based on the complaint, there is no doubt that Guy intended to name the

---

[1] Though Guy asks the Court to correct the party named "Officer Robeson," the caption to this action actually identifies an "Officer Roboson." The Court assumes that Guy intends to replace either spelling with "Officer Prebish."

3

officer working with Officer Maio, the other named defendant in this action, in her complaint. Officer Maio's co-defendant likely had notice of the present action within the period of time for service set forth in Fed. R. Civ. P. 4(m), and knew or should have known that he was intended as a party to the suit. Therefore, the requirements of Rule 15(c)(3) are satisfied, and the Court will grant Guy's motion to amend her pleading to reflect "Officer Prebish" as a defendant in this action in addition to "Officer Maio." The party "Officer Roboson" will no longer appear in the caption to this case.

Next, the Court turns to Guy's motion to compel discovery, dated February 2, 2005, and docketed with the Court on March 11, 2005. In her motion, Guy identifies those discovery requests–solely by referencing the interrogatory numbers–which she believes the Defendants have failed to answer. She cites to Wisconsin statutes in support of her requests.

The Court need not address the substance of Guy's motion because she failed to comply with a critical local rule in filing her motion. Civil Local Rule 37.1 states that

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

United States District Court for the Eastern District of Wisconsin Local Rules, Civil L.R. 37.1. Parties must initially rely on their own cooperative efforts to resolve discovery disputes before seeking the Court's intervention. In that respect, Civil L.R. 37.1 serves to facilitate communication between the parties while also reducing the potential costs of prematurely

4

bringing a dispute before the Court. Consultation with one's adversary is the first avenue of resolution that must be explored. Guy's motion does not contain any of the information required by Civil L.R. 37.1 and, therefore, must be denied.

Guy has also requested assistance from the Court in her efforts to subpoena witnesses. On April 6, 2005, the Court received a "Notice to Petition Court for Witnesses" signed by Guy and dated March 7, 2005. In that "Notice," Guy asks the court for those fees required to subpoena witnesses for trial. The Seventh Circuit has held that § 1915(d) does not grant this Court authority to *waive* witness fees even though a plaintiff may be proceeding *in forma pauperis* ("IFP"). *See McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987). Other Circuits have held that IFP status does not allow courts to advance or pay witness fees on behalf of indigent plaintiffs. *See Malik v. Lavalley*, 994 F.2d 90 (2nd Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987); *Cookish v. Cunningham*, 787 F.2d 1, 5 (1st Cir. 1986). The Seventh Circuit has not ruled on whether the United States can pay for the cost of subpoenaing witnesses.

The Court previously had occasion to address this precise issue in *Coleman v. St. Vincent DePaul Society*, 144 F.R.D. 92 (E.D. Wis. 1992). In that case, the Court noted that the Supreme Court had declared that the expenditure of public funds is only permissible when authorized by Congress and, further, no such authorization permitted the United States to pay witness fees and other expenses for subpoenas issued on behalf of litigants proceeding IFP. *Id.* at 94. Nevertheless, the *Coleman* Court reasoned that § 1915(d) (then codified in

5

§ 1915(c)) implicitly authorized the payment of such fees. Any other interpretation of the statute allowing "an IFP litigant to commence an action but never to complete it because of the IFP litigant's inability to pay witness fees and other expenses associated with subpoenaing necessary witnesses for trial would be wholly illogical." *Id*. at 95. Consequently, subpoenas requested by IFP litigants should be considered part of the operational expenses of the courts. *Id*. at 95-96. The Court, absent direction from the Seventh Circuit on this issue, maintains that view today.

The *Coleman* decision contains an important qualification that permits courts to protect against IFP plaintiffs who wish to subpoena an inordinate and unnecessary number of witnesses. "An IFP litigant should only be entitled to subpoena witnesses for trial at government expense after a preliminary and complete showing of the materiality and necessity of each witness." *Id*. at 96. Thus, this Court retains discretion in ultimately determining the number of witnesses Guy may subpoena at the government's expense. *See Id*. The Court does not know the identity of Guy's witnesses or why their testimony is essential to the prosecution of her case.[2] She needs to supply this information to the Court, including the name of each witness, his or her relation to the present controversy, and the testimony he or she will provide. Guy should also explain why such testimony is necessary

---

[2]Guy has previously submitted a list of witnesses. (*See* Letter from Guy to Lappen of 01/17/05 (Docket No. 37). ) That list, however, identifies only seven witnesses rather than the thirteen for which Guy seeks subpoenas from this Court. (*See* Notice to Petition Court for Witnesses.) Furthermore, some of the listings on the witness list are not proper witnesses, such as "St. Joseph Regional Medical Center" and "Hanger's."

6

for her to try her case. This information must be received by the Court prior to the pre-trial conference call currently scheduled for May 6, 2005.

Guy not only seeks assistance from the Court for issuing witness subpoenas, but she also moves the Court to add witnesses to her originally submitted witness list. On April 14, 2005, the Court received Guy's "Motion to Add Additional Witnesses." The deadline for Guy to identify lay witnesses was January 17, 2005. That day has long since come and gone. Absent extraordinary circumstances, Guy will be limited to those witnesses she originally identified in accordance with the deadlines memorialized in this Court's scheduling order of November 17, 2004.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Guy's requests for an extension of time in which to file dispositive motions (Docket Nos. 44, 59) are **GRANTED**. The Court will consider any dispositive motion submissions received on or before April 7, 2005.

Guy's Motion to Correct (Docket No. 49) is **GRANTED**. The two defendants in this action are henceforth properly designated "Officer Maio" and "Officer Prebish." The Clerk of Court is directed to correct the caption to this action accordingly.

Guy's Motion to Compel (Docket No. 50) is **DENIED**.

Guy's Dispositive Motion of Facts (Docket No. 54) is **STRICKEN**.

Guy's Notice of Correction of Dispositive Motion (Docket No. 60) is **STRICKEN**.

Guy's Motion to Add Additional Witnesses (Docket No. 63) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of April, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**