# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA GUY,**

        **Plaintiff,**

        v.                               Case No. 04-C-506

**OFFICER MAIO and**
**OFFICER PREBISH,**

        **Defendants.**

## DECISION AND ORDER

Patricia Guy ("Guy"), the *pro se* plaintiff in the above-captioned action, filed her complaint in this Court on May 26, 2004, alleging a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Guy claims that she was injured when police officers used excessive force while arresting her. In an Order dated April 20, 2005, this Court resolved various pending motions related to this action. Since that time, Guy has submitted three more filings, which the Court now considers.

On April 29, 2005, Guy submitted a motion for summary judgment. Though the Court's April 20, 2005 Order granted Guy's requested extension for filing a dispositive motion, that deadline has since passed. In its Order, the Court stated that it would entertain any dispositive motions filed by Guy up through April 7, 2005. Guy's motion was received well after that date. With this action's final pre-trial conference scheduled to occur in a

matter of days, the Court will not consider Guy's tardy filing. Accordingly, Guy's motion for summary judgment is dismissed as untimely.

Guy has also filed a motion to amend her witness list and a motion to correct witness information. The former filing was likely submitted in response to the Court's prior finding that 28 U.S.C. § 1915 contemplated the cost of issuing subpoenas on behalf of indigent litigants. *See Guy v. Maio*, No. 04-C-506, at 6 (E.D. Wis. Apr. 20, 2005). The Court informed Guy, a plaintiff proceeding *in forma pauperis*, that it would consider issuing subpoenas for her witnesses once she provided information to the Court detailing their identities, their relation to her action, the testimony they would proffer, and why such testimony was necessary to the prosecution of her case. *Id*. Guy's motion to amend her witness list seeks to add witnesses to her case and, additionally, seeks the issuance of subpoenas based on responses to the Court's request for additional information.

While the Court will consider issuing subpoenas to previously named witnesses, it will not allow Guy to amend her witness list at this eleventh hour. On January 14, 2005, this Court received Guy's original list of witnesses. Only four of the seven witnesses that Guy now seeks to subpoena appear on her January 14th list. Though she had previously sought to amend her witness list, that request was denied because Guy was unable to justify her tardy request at this advanced stage of her action. *Id*. at 7. For that same reason, the Court denies the present motion to amend Guy's witness list and, accordingly, only considers requests to

2

issue subpoenas for those four witnesses that appear on both her initial witness disclosures as well as her April 29, 2005 filing with the Court.

Guy seeks to subpoena two individuals, a relative and a congresswoman, both of whom she claims will provide testimony related to the issue of who owned the premises on which Guy was situated during her arrest. Though unclear from her filing, it also appears that one or both of these witnesses will provide information related to "witness credibility." (Mot. to Admend [sic] Witness List at 3.) Guy's reference to testimony about "witness credibility" is too vague and nebulous to justify the issuance of subpoenas. Furthermore, the Court cannot ascertain why the issue of ownership of premises is relevant when Guy is bringing claims of excessive force by police and unlawful arrest. Without a clear statement explaining why the matter of ownership bears on Guy's claims, the Court does not find any justification for issuing subpoenas to Guy's relative or the congresswoman named in Guy's witness list.

Guy also asks the Court to subpoena her podiatrist as well as the physician who treated her when she was taken to the hospital by the police subsequent to the altercation alleged in this suit. Presumably, Guy seeks to call these witnesses to testify to the injuries she claims to have sustained during her encounter with the Defendants. Guy, however, has submitted medical records to the Court that document her emergency room visit and examination. Submitted copies of prescriptions also detail some of the treatment provided by her podiatrist. Guy is not calling these physicians as expert witnesses; during a scheduling

3

teleconference with the Court and her adversary, she indicated that she would not be calling expert witnesses. However, if the physicians that Guy seeks to call are simply to provide testimony related to their treatment of Guy, that information is readily available in the medical documents she has provided to the Court. Absent more information, the Court does not find that the witness testimony of these medical professionals is necessary for the successful prosecution of Guy's case. Guy, however, may provide a more complete explanation for her subpoena requests at the upcoming final pre-trial conference and, at that time, the Court may revisit its decision. Until that time, and based on the record before it, the Court will deny her request to issue witness subpoenas. The remainder of Guy's motion seeking to amend her initial lay witness list is denied as untimely.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Guy's Motion for Summary Judgment (Docket No. 72) is **DISMISSED** as untimely.

Guy's Motion to Amend Witness List (Docket No. 69) is **DENIED**.

Guy's Motion to Correct Witness Proper Address (Docket No. 73) is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**