# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA GUY,**

           **Plaintiff,**

      **v.**                                          **Case No. 04-C-506**

**OFFICER MAIO and**
**OFFICER PREBISH,**

           **Defendants.**

## DECISION AND ORDER

Patricia Guy ("Guy"), the *pro se* plaintiff in the above-captioned action, filed her complaint in this Court on May 26, 2004, alleging a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Guy claims that she was injured when police officers used excessive force while arresting her. The trial of Guy's action is currently set for March 27, 2006. In anticipation of trial, Guy has filed various "motions" and letters, which the Court now addresses.

Before considering the substance of her various requests, the Court once again directs Guy to the Court's local rules. The rules and procedures related to motion practice may be found in Civil Local Rule 7.1. Each of Guy's currently pending requests have failed to comport with this rule, which requires that

> [e]very motion must set forth the rule pursuant to which it is made, and . . . must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

United States District Court for the Eastern District of Wisconsin, Civil L.R. 7.1. This is not the first time that Guy has been admonished to follow the Court's rules. *See Guy v. Maio*, Decision and Order, No. 2:04-cv-00506-RTR (E.D. Wis. Nov. 16, 2004). While Guy's *pro se* status allows the Court to liberally construe her filings, it does not give her a free pass to inundate the Court with non-compliant filings. The Court, while exercising lenience, puts Guy on notice: Future failures to comply with this Court's local rules or the Federal Rules of Civil Procedure will result in filings being stricken.

On October 31, 2005, the Court received a document entitled "Plaintiff's Informing Court of Decision to Supeno [sic] Witness." (*See* Docket No. 94.) Insofar as Guy is proceeding *in forma pauperis*, this filing may have been intended as a subpoena request. In this filing, Guy "informs" the Court that she will be subpoenaing a witness, whom the Court previously refused to subpoena because Guy failed to demonstrate the relevance of the witness's testimony. *See Guy v. Maio*, Decision and Order, No. 2:04-cv-00506-RTR (E.D. Wis. May 3, 2005). If Guy, yet again, is asking the Court to subpoena this witness, her request is denied for the same reasons set forth in the Court's May 3, 2005 Decision and Order.

2

On November 2, 2005, the Court received three filings from Guy. The first, Guy's "Motion for Asistance [sic] for Fees of Deposition/Transcripts" (Docket No. 95), asks the Court to provide the requisite fee for her to obtain a deposition transcript from a reporting service. Guy has not identified whose deposition transcript she seeks, though it appears to be her own. Regardless, there is no statutory authorization for this Court to expend the resources of the United States to pay for a copy of the transcript. *See* 28 U.S.C. § 1915. Guy's status as an *in forma pauperis* (IFP) litigant permits the waiver of certain fees and costs. The Court, in its April 20, 2005 Decision and Order, explained that subpoenas, for example, were properly considered operational expenses of the courts and subject to waiver or payment for an IFP litigant. However, a deposition transcript cannot be characterized as an operational expense of the Court. Section 1915 does not give courts the authority to pay or waive all of the costs and expenses associated with a litigant's action. The alternative would require too much oversight as courts received laundry lists of expenses from litigants and then attempted to discern which items were necessary or legitimately claimed. Guy's request for the transcript fee must be denied.

The second November 2, 2005 filing, designated as a "Request of Cover Letter of August 30, 2004 In Regards to Discovery of Productions," (Docket No. 96), requests "a copy of the August 30, 2004 cover letter in regards to discovery production submitted by defendants regarding, [sic] interrogatories and discovery production." There is no docket entry for this case on that date. If such a document has been produced and is part of the

3

record, Guy has not directed the Court to its whereabouts. Perhaps, Guy is asking the Court to order her adversary to produce this document. Guy may ask for such an order, but only after showing that she has first asked her adversary for a copy of the document and has been refused. She must also establish why the Court's intervention is required. Without this information, the Court denies her request for a copy of the described cover letter.

The third November 2, 2005 filing is Guy's request for fees to subpoena Mark Cimbalnik. (*See* Docket No. 97.) This same request also is found in a filing dated November 22, 2005, which appears on this case's docket as entry number 105. Guy claims that Cimbalnik witnessed her alleged mistreatment by the defendants. There is a problem with Guy's request: Cimbalnik did not appear on her witness list or any of her attempts to amend the same. The purpose of scheduling the stages of discovery, with the Court's oversight, is to alert parties to the evidence that is likely to bear on a suit's outcome. Guy is effectively asking the Court to allow her to amend her witness list once again even though discovery has long since closed. This request comes too late.

The Court has also received a November 16, 2005 filing entitled "Plaintiff's Motion for Extention [sic] of Page of Deposition of Defendants [sic] Witness Maurice Pulley Dated 12/22/04." (*See* Docket No. 102.) The Court is at a loss to understand the nature of Guy's request. The Court does not know what Guy is referring to by the phrase "explanation of deposition." Guy may refer to this Court's local rules setting forth those limits on parties'

4

briefings. This information may answer her question. However, absent clarification regarding the nature of her request, Guy's motion is denied.

Also on November 16, 2005, Guy submitted a document, with attachments, entitled "Plaintiff's Motions to Court in Preparing for Pretrial Court Date of December 5, 2005." (*See* Docket No. 103.) On the first page of that document, Guy poses various questions to the Court regarding what she can and cannot do at trial. The Court cannot assume the role of Guy's legal counsel; in fact, Guy chose to dispense with Court-appointed counsel and prosecute her case unaided. The Court reiterates what it has communicated to Guy during scheduling calls: She is entitled to present evidence within the parameters established by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Guy also poses a logistical question regarding the format in which she may receive a copy of the transcript of courtroom proceedings. That inquiry should be directed to the clerk of court. This present filing is barely cognizable as a "motion;" it is a request for legal education, which this Court will not indulge.

In her most recent filing, file-stamped December 19, 2005, Guy asks the Court to extend the number of days for which the trial is currently scheduled. (*See* Docket No. 110.) Guy believes that the trial will take five to seven days, instead of the two to three currently scheduled. The Court has reviewed this action's file and sees no reason to extend the number of days scheduled for trial. In the unusual circumstance that more time is required, the Court will address that need as appropriate. Guy's motion to extend the length of trial is denied.

5

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Guy's Motion for Assistance for Fees of Deposition/Transcripts (Docket No. 95) is **DENIED**.

Guy's Request of Cover Letter of August 30, 2004 in Regards to Discovery of Productions (Docket No. 96) is **DENIED**.

Guy's Request for Fees to Subpoena (Docket Nos. 97, 105) is **DENIED**.

Guy's Motion for Extension of Page of Deposition of Defendant Witness Maurice Pulley Dated 12/22/04 (Docket No. 102) is **DENIED**.

Guy's Motions to Court in Preparing for Pretrial Court Date of December 5, 2005 (Docket No. 103) is **DENIED**.

Guy's Motion for Extension of Time (Docket No. 110) is **DENIED**.

Dated at Milwaukee, Wisconsin this 5th day of January, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**