# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA GUY,**

               **Plaintiff,**

   **v.**                                                           **Case No. 04-C-506**

**OFFICER MAIO and**
**OFFICER PREBISH,**

               **Defendants.**

## DECISION AND ORDER

Patricia Guy ("Guy"), the *pro se* plaintiff in the above-captioned action, filed her complaint in this Court on May 26, 2004, alleging a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Guy has filed various motions over the previous months and, with her trial date fast approaching, she continues to bombard the Court with motions. The Court will adjudge the motions currently outstanding, but reminds Guy that repetitive and frivolous filings are an unnecessary strain on both the Court's, and her adversaries', resources.

On January 24, 2006, Guy filed her "Motion to Vacate Order." Because Guy is proceeding *pro se*, the Court exercises lenience and ignores Guy's representation that this motion is brought pursuant to a Wisconsin statute. Because this suit is in federal court, federal procedural law applies. The substance of Guy's motion is challenging to discern.

Guy asks the Court to vacate its order dated "3/3/26" "dismissing the plaintiff's case." Obviously, there is no order of that date and no order that disposed of Guy's case. There is, however, an order dated May 3, 2005, in which the Court refused to issue a subpoena for Congresswoman Gwendolyn Moore because the Court found her connection to Guy's case to be attenuated, at best. On January 5, 2006, the Court also issued an order refusing to subpoena a purported witness, Mark Cimbalnik ("Cimbalnik"), because Guy never listed him on any of her previous submissions. The Court explained that discovery had long since closed and Guys' request came too late. The Court mentions these orders because both Congresswoman Moore and Cimbalnik are discussed in Guy's motion to vacate. Also mentioned in the motion to vacate are "the Paynes," Guy's neighbors who may possess information relevant to this case.[1] The long and the short of these filings, including one received on February 21, 2006 entitled "Motion to Open/Reopen Discovery," is Guy's desire to obtain the testimony of these individuals through discovery and for presentation at trial.

The Court will not reopen discovery, which has been closed for several months now. Still, there is precedent for adding witnesses, even at this late stage of an action. When considering a request to call a witness not identified on a pretrial witness list, this Court must consider four factors:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;

---

[1] Guy has also submitted a filing entitled "Plaintiff's Letter of Reconsideration In Regards to Supoenos, [sic] Fees, and Witnesses Pertaining to Case." This filing was received by the Court on January 12, 2006 and conveys many of the same points found in Guy's motion to reconsider.

2

> (2) the ability of that party to cure the prejudice;
> (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court;
> (4) bad faith or willfulness in failing to comply with the court's order.

*Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982). The Defendants have not responded to Guy's motion.

Insofar as Guy is asking the Court to subpoena Congresswoman Moore, her request is denied. Guy simply has not established how her testimony is relevant to the present action. Regarding Cimbalnik and the Paynes, the Court cannot discern from Guy's filings the nature of their connection to this case. Guy suggests that she wishes to call Cimbalnik as a witness to show that "he and Pulley had an illegal partnership in the property." (Pl.'s Ltr. of Reconsideration In Regards to Supenos [sic], Fees, and Witnesses Pertaining to Case 3; Mot. to Vacate Order Wis. Stats. 806.07(1)(k) ["Mot. to Vacate"] 2.) Guy states that Cimbalnik, along with a defendant witness named "Pulley," broke into her home. (*See* Mot. to Vacate 3.) Guy further claims that Cimbalnik was "at the scene of the incident," though it is not clear whether he is an eyewitness or has some other information to provide. (*Id.*) Similarly, the Court cannot discern how Guy's neighbors, the Paynes, will advance her cause.

The Court will not issue subpoenas based on half-baked legal theories that have attenuated, if any, relevance to Guy's cause of action. It is not enough that Guy believes these individuals' testimonies may be relevant; she must convince the Court of their relevance if she wishes subpoenas to issue. Thus far, she has failed to make this showing.

3

However, if Cimbalnik or the Paynes witnessed Guy's treatment by the defendant officers or may provide testimony *bearing directly on that event*, then she should tell the Court as much–with some reasonable degree of clarity and brevity. If such information comes before the Court, it will consider issuing subpoenas for those witnesses. The defendants are on notice of this possibility. If they believe that calling Cimbalnik or the Paynes as witnesses will prove burdensome, they will need to inform the Court accordingly if Guy renews her request. Future silence by the defendants will be construed as a lack of opposition. At any rate, based on the information before it, the Court will not grant the motion to vacate or issue subpoenas.

The Court addresses two additional pending "motions." One was submitted on January 25, 2006 and is entitled "Motion of Correction to Court–Plaintiff's Informing Court of 'Amended Pretrial Report' to be Filed by Plaintiff in Advance on February 1, 2006." Like Guy's other filings, this one is difficult to understand. This "motion of correction" appears to be little more than prior notification of when Guy's most recent final pre-trial report would be submitted. As such, Guy is not seeking any relief from the Court. The Court, however, does take this opportunity to inform Guy that she may not submit any further pre-trial reports. This latest pre-trial report is her third and last.

Guy also submitted a motion to correct her final pre-trial report on February 10, 2006. Apparently, Guy wishes to included the documents attached to that motion in her pre-trial filings. Those documents will be considered part of her final pre-trial report.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Guy's Motion to Vacate (Docket No. 114) is **DENIED**.

Guy's Motion of Correction (Docket No. 115) is **DENIED**.

Guy's Motion of Correction for Deposition 12/1/04 Error Correction (Docket No. 119) is **GRANTED**.

Guy's Motion to Open/Reopen Discovery (Docket No. 121) is **DENIED**.

Guy **SHALL** not submit further Final Pre-Trial Reports absent Court permission.

Dated at Milwaukee, Wisconsin this 24th day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**