# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA L. GUY,**

        Plaintiff,

        -vs-

Case No. 04-C-506

**OFFICER MAIO (INDIVIDUAL CAPACITY), OFFICER PREBISH (INDIVIDUAL CAPACITY),**

        Defendants.

## DECISION AND ORDER

On March 27-28, 2006, this matter went to trial on *pro se* plaintiff Patricia Guy's ("Guy") 42 U.S.C. § 1983 claim that she was injured when police officers used excessive force while arresting her. The jury returned a verdict in favor of the defendants. Judgment was entered on March 29, 2006. Guy has moved for judgment as a matter of law and for a new trial pursuant to Fed. R. Civ. P. 50 and 59.

Guy falls far short of demonstrating that "no rational juror could have found" for the defendants. *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002). Her motion for judgment as a matter of law under Rule 50 is denied. Similarly, Guy has failed to establish that the "verdict is against the weight of evidence [or that] the trial was not fair" as required to succeed on a motion for a new trial under Rule 59. *Westchester Fire Ins. Co. v. General Star Indemnity Co.*, 183 F.3d 578, 582 (7th Cir. 1999). While Guy claims to have new evidence in support of her case, she has failed to demonstrate or explain why this evidence was unavailable at the time of trial or how this evidence would change the outcome of the case. *See Jones v. Aero/Chem Corp.*, 921 F.2d

875, 878 (9th Cir. 1990) (to obtain new trial on basis of newly discovered evidence, movant must show that evidence could not have been discovered through due diligence in time for trial, and was of such magnitude that it would have been likely to change disposition of the case). The "new evidence," such as the Court can construe it, would not change the jury's verdict.

Guy has also moved for an extension of time to respond to the defendants' "motion," presumably their response to Guy's motion for judgment/new trial. As she subsequently provided further arguments in letter form which were considered by the Court [docket #s 163, 165, 168, 170, 172, 173], this motion will be denied as moot.

**NOW, THEREFORE**, **BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Guy's motion for judgment as a matter of law/new trial [Docket # 140] is **DENIED**;

2. Guy's motion for an extension of time [Docket # 154] is **DENIED** as moot; and

3. Guy's motions for a hearing [Docket # 154, 160] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**