# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PATRICIA L. GUY,

      **Plaintiff,**

               **Case No. 04-C-506**

   **-vs-**

OFFICER MAIO (INDIVIDUAL
CAPACITY), OFFICER PREBISH
(INDIVIDUAL CAPACITY),

      **Defendants.**

## DECISION AND ORDER

On March 27-28, 2006, this matter went to trial on *pro se* plaintiff Patricia Guy's ("Guy") 42 U.S.C. § 1983 claim that she was injured when police officers used excessive force while arresting her. The jury returned a verdict in favor of the defendants. Judgment was entered on March 29, 2006. Guy moved for judgment as a matter of law and for a new trial pursuant to Fed. R. Civ. P. 50 and 59. The Court denied these motions on September 26, 2006.

Guy filed a timely notice of appeal and the certified record has been sent to the Seventh Circuit. However, Guy has also bombarded this Court with a variety of motions. The timing of these motions, in relation to the notice of appeal, is set forth below:

- 10/13/06: Motion for Evidentiary Hearing, Civil L.R. 7.2 [Docket No. 179]

- 10/13/06: Motion for Relief from Judgment [Docket No. 184]

- **10/26/06: Notice of Appeal [Docket No. 190]**

- 11/6/06: Motion to Appoint Counsel [Docket No. 194]

- 11/6/06: Motion to Enlarge Appeal Record [Docket No. 195]

- 11/6/06: Motion for Transcript Fees [Docket No. 197]

- 11/13/06: Motion to Appoint Counsel [Docket No. 199]

Guy's filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). However, the Court retains jurisdiction over Guy's motions for an evidentiary hearing and for relief from judgment, as they were filed before she filed her notice of appeal. *See, e.g., United States v. Allerheiligen*, 49 F. Supp. 2d 1273, 1274 (D. Kan. 1999) (notice of appeal does not divest the district court of jurisdiction when it is filed after a motion to reconsider) (collecting cases). This conclusion is supported by the plain language of Fed. R. App. P. 4(a)(4)(B)(i): "If a party files a notice of appeal after the court announces or enters judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [including, to wit, a motion to alter or amend under Rule 59] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

While the Court retains jurisdiction, Guy's motion for relief from judgment is denied. Guy has had her day in court and she fails to meet the standard for relief under Rule 59. *See, e.g., Moro v. Shell Oil Co.*, 91 F.3d 872 (7th Cir. 1996) (Rule 59(e) allows

-2-

a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact).[1]

As for Guy's motions to appoint counsel, it appears that the Court lacks jurisdiction over those motions because they were filed after the notice of appeal. However, the language of Fed. R. App. P. 4(a)(4)(B)(i) suggests that the Court retains jurisdiction up until the point that the pending motion to alter or amend is denied: "the notice *becomes effective to appeal a judgment or order*, in whole or in part, when the order disposing of the last such remaining motion is entered." (emphasis added). Either way, the motion will be denied. The Court previously retained appointed counsel for Guy, only to have Guy fire those attorneys. The Court will not go through the same process again.

As for the motion to enlarge the appeal record and the motion for transcript fees, the Court retains jurisdiction over these motions because they are ancillary to the issues on appeal. *See, e.g., Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990) (District judges retain authority over questions not presented by the appeal and may take steps that do not present risks of duplicative action). Guy's motion to enlarge the record consists of a one sentence request without any detail as to what she would like to add to the record. The Court will not give Guy blanket authorization to supplement the record in whatever way she sees fit, so her request is denied. Furthermore, the appellate stage is not the place to introduce new evidentiary materials, which Guy may be attempting to do vis-a-vis her

---

[1] The Court treats Guy's motion for an evidentiary hearing under Civil L.R. 7.2 as a supplement to her motion for relief from judgment. Civil L.R. 7.2 sets forth procedures to follow in the event the Court has ordered an evidentiary hearing. It does not provide an independent basis for such a motion.

request for a new evidentiary hearing.  *See Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture*, 116 F.3d 231, 234 (7th Cir. 1997) (citing *Liao v. Tennessee Valley Authority*, 867 F.2d 1366, 1370 (11th Cir.1989) [FRAP 10(e) "contemplates correction of a record to reflect what occurred below; it does not permit a new or different record to be created"]).

As for the transcript request, the Court may award IFP civil litigants[2] a free transcript if the appeal "is not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f).  A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard."  *Shabazz v. Cole*, 69 F. Supp. 2d 210, 227 (D. Mass. 1999) (citations omitted).  Additionally, the requested trial transcript must be "required for proper appellate review."  *Id.*  Guy fails to state with particularity the grounds for appeal, making it difficult to determine whether she presents a substantial question on appeal.  However, given that a jury verdict is subject to very limited review, and that Guy's arguments are largely factual in nature, the Court finds that Guy fails to present a substantial question on appeal.  *See, e.g., Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1043 (7th Cir. 1999) ("Attacking a jury verdict is a hard row to hoe. . . . [Courts] will not disturb the jury verdict unless [appellant] can show that 'no rational jury could have brought in a verdict against [it]'" (internal citations omitted)).

Finally, the Court pauses to note the clear implications of this decision.  Because of the notice of appeal, the Court will no longer have jurisdiction over any matters relating to the substantive merits of Guy's claims.  Guy is urged to address any further inquiries in this regard to the Seventh Circuit Court of Appeals.

---

[2] The Court previously granted Guy IFP status, which remains undisturbed for purposes of this motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

All of Guy's pending motions are **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of November, 2006.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**